NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILSON CHENG, STANISLAW GRISHIN, AND MARITZA ALVARADO, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SRA ASSOCIATES, INC. d/b/a SRA Associates of New Jersey,<br><br>Defendant. | Civil No. 18-13705 (RBK/JS)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on Plaintiffs Wilson Cheng, Stanislaw Grishin, and Maritza Alvarado's putative class action claim against Defendant SRA Associates, Inc., for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, and Defendant's subsequent Motion to Dismiss [Doc. No. 5] for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons set forth in the Opinion below, Defendant's motion is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is a case about alleged violations of the FDCPA. Plaintiffs Wilson Cheng, Stanislaw Grishin, and Maritza Alvarado ("Plaintiffs") are consumers under the FDCPA and received letters from a third-party debt collector, Defendant SRA Associates, Inc. On August 28, 2018,

Plaintiffs filed a Complaint before this Court challenging these collection letters. Plaintiffs' Complaint ("Compl.") [Doc. No. 7].

The letters currently before the Court have three relevant components: a header, a body, and an attached notice provision. *Id.* at Ex. A, Ex. B, Ex. C. The header contains Defendant SRA's company name, address, and toll-free telephone number, as well as relevant details regarding the current creditors. *Id.* The body provides instructions for remitting payment either by mail or via a payment website. *Id.* Finally, the notice provision, under the body of the letter, comprises a single paragraph titled "IMPORTANT CONSUMER NOTICE." *Id.* The notice states, in full:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.*

Plaintiffs argue that the letters violate two provisions of the FDCPA. Specifically, they allege that the notices do not make it explicitly clear that a dispute of the debt must be submitted in writing, and that as such, the letters violate sections 1692g(a)(3) and 1692e(10). *Id*. at ¶¶ 34, 56. Plaintiffs assert that inclusion of Defendant's contact information in the header of the letter creates confusion under the least sophisticated debtor standard. In addition, Plaintiffs claim Defendant's telephone number, along with a statement that payments may be sent to Defendant's address as listed in the header, create confusion such that the least sophisticated consumer would be uncertain of her obligation to appeal the debt by writing to the same address. *Id.* at ¶¶ 26–27,

37. Plaintiffs also seek class certification for themselves and for similarly situated class members in New York who received letters from Defendant between September 2017 and September 2018, as well as damages and fees pursuant to 15 U.S.C. 1692(k) and Rule 23. *Id.* at 7.

Defendant filed the instant motion to dismiss on November 9, 2018. Def.'s Mot. to Dismiss ("Def.'s Mot.") [Doc. No. 5]. Defendant argues that Plaintiffs' interpretation of the collection letters is "bizarre and idiosyncratic," that the letters adequately instruct debtors on procedures to dispute a debt, and that the letters are neither false nor deceptive. Def.'s Mot. at 1–2. Defendant therefore contends that their collection letter contains the requisite information pursuant to the FDCPA. *Id.*

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d. Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a

plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### B. FDCPA

Congress enacted the FDCPA in 1977 to address the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress expressly stated that the FDCPA's purpose is to "eliminate abusive debt collection practices by debt collectors" and "to insure [sic] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692e. Because the FDCPA is a remedial statute, courts construe its language broadly. *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006).

To prevail on an FDCPA claim, a plaintiff must prove that (1) the plaintiff is a consumer, (2) the defendant is a debt collector, (3) the challenged conduct involves the defendant's attempt to collect a debt as statutorily defined, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Section 1692g(a)(3) of the FDCPA describes the requirement to provide notice to the consumer of procedures to dispute a debt (the "validation notice"). Specifically, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt . . . the debt will be assumed to be valid by the debt collector . . . ." 15 U.S.C. § 1692g(a)(3). The requirements of section 1692g(a), including provision of notice regarding dispute procedures, ensure that consumers "receive adequate notice of their rights under the law." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). Because the Third Circuit has interpreted section 1692g(a)(3) to require "that any dispute, to be effective, must be in writing," debt collectors must inform debtors that they may dispute their claims in writing only. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

The collection activities or communication of the collector "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt . . . ." 15 U.S.C. § 1692(b). Therefore, the notice must effectively convey the writing requirement. A communication contradicts, or does not effectively convey the writing requirement, when "it provides information inconsistent with the consumer's right to dispute the debt." *Wilson*, 225 F.3d at 356. To determine whether notice has been effectively conveyed and whether the writing requirement is clear, or if it has been overshadowed or contradicted, this Court must evaluate the notice from the perspective of the "least sophisticated debtor." *Id.* at 354.

The least sophisticated debtor standard is designed to protect "all consumers, the gullible as well as the shrewd." *Brown*, 464 F.3d at 454. Accordingly, "[t]he least sophisticated debtor standard requires more than 'simply examining whether particular language would deceive or

mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Id.* (quoting *Wilson*, 225 F.3d at 354). Nevertheless, the FDCPA prevents liability for "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354–55 (quotations and citations omitted). For example, even the least sophisticated debtor is presumed to have read a collection letter in its entirety. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013); *Campuzano–Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

Section 1692e(10) of the FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008) (citing *Brown,* 464 F.3d at 455 (internal quotation marks and citation omitted)). However, "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Riccio v. Credit Collection Services*, No. 17-8889, 2019 WL 979159, at *6 (D.N.J. Feb. 28, 2019) (quoting *Caprio*, 709 F.3d at 154). *See also Cruz v. Financial Recoveries*, No. 15–0753, 2016 WL 3545322, at *4 (D.N.J. June 28, 2016) ("[W]hen language is upheld pursuant to [s]ection 1692g, that analysis is usually dispositive for [s]ection 1692e.").

### III. DISCUSSION

### A. Section 1692g(a)(3)

Plaintiffs contend that Defendant's collection letter violates section 1692g(a)(3) by failing to clearly convey the requirement that all disputes be made in writing. Plaintiffs allege that the letter "discourages written disputes [by] only providing a mailing address for payments." Compl. at ¶ 36. Plaintiffs contend that this text, coupled with Defendant's "conspicuous" inclusion of a toll-free telephone number in the letter's header, "encourages Plaintiff[s] to call Defendant," causing the least sophisticated consumer to be "confused as to what she must do to effectively dispute the alleged debt." *Id.* at ¶¶ 26, 35, 38. The least sophisticated consumer could, according to Plaintiffs, believe that she could dispute the debt by calling the toll-free number or, alternatively, could only write to Defendant at the provided address if she were discharging her debt. *Id.* at ¶¶ 39-40. Taken collectively, Plaintiffs argue, the letter provides inadequate notice of the writing requirement under section 1692g(a)(3).

This Court is not convinced by Plaintiffs' arguments that the inclusion of a toll-free number and invitation to use the Defendant's mailing address for payments overshadows or contradicts the language in the consumer notice such that the least sophisticated consumer would be confused about her right to dispute the validity of the debt in writing. The FDCPA requires that debt collectors inform a debtor of her right to dispute the validity of any debt for at least thirty days. 15 U.S.C. § 1692g(a)(3). The Third Circuit has held that for a dispute to be valid, it must be in writing. *Graziano*, 950 F.2d at 112. Therefore, the first question this Court must answer is whether the validation notice in the debt collection letter at hand satisfies the requirement that collectors notify the debtor of the writing requirement to dispute a debt.

A plain reading of the disputed paragraph of text is enough to show that Defendant effectively conveyed the writing requirement for disputing a debt. The Court recognizes that the validation notice could be clearer by qualifying the first sentence, about dispute of debt, with an

additional "in writing" clause. Instead, Defendant's verification notice mirrors FDCPA sections 1692g(a)(3)-(5), including 1692g(a)(3)'s silence on the method of dispute. As with sections 1692g(a)(3)-(5), the overall message of the validation notice is still apparent, and the paragraph successfully conveys the writing requirement, even from the perspective of the least sophisticated debtor. Written dispute is clearly the debtor action required to trigger verification of the debt.

This Court's interpretation of the letter is well supported by Third Circuit precedent. Most obviously, the Third Circuit has rejected challenges to substantially similar validation notice language in other debt collection letters. In *Szczurek v. Professional Management, Inc.*, the Third Circuit was faced with a nearly identical validation notice that closely mirrored the statutory language of sections 1692g(a)(3)-(5).[1] 627 Fed. App'x 57, 59 (2015). That the Court in *Szczurek* took no issue with the now-contested notice, while not dispositive, is telling of the Third Circuit's views on the notice's sufficiency. For these reasons, this Court concludes that the collection letter's validation notice effectively conveyed the writing requirement for disputing the validity of a debt.

Having determined that the Defendant's validation notice met the Third Circuit's requirement that collectors effectively convey the writing requirement to dispute a debt, the next question this Court must face is whether the collection letter's inclusion of a toll-free telephone number and invitation to use the Defendant's listed address for submission of payments

---

[1] Unless, within 30 days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within 30 days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of any such judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within 30 days after the receipt of this notice we will provide you with the name and address of the original creditor.

overshadowed or contradicted the writing requirement. Plaintiffs contend that these features might result in confusion for the least sophisticated consumer as to the writing requirement.

This Court does not agree that these features overshadow or contradict the writing requirement. While Defendant included a toll-free telephone number in the letter's header, it was not conspicuously displayed as Plaintiffs' allege. It was neither in larger font, nor was it accompanied by an explicit invitation to call Defendant to dispute a debt or for any other purpose. Even if this Court accepted—which it does not—that the telephone number was conspicuous and implicitly encouraged Plaintiffs to call the Defendant, this Court finds compelling Judge Wolfson's recent opinion explaining that encouragement to call the collector, with no connection to dispute of the debt, is not improper under section 1692g(a). *Credit Collection Services*, 2019 WL 979159, at *6 ("[T]he mere inclusion of contact information other than a debt-collector's mailing address does not in itself create a claim under 15 U.S.C § 1692g.") (internal citation omitted). Thus, contrary to Plaintiffs' bald assertion, the inclusion of the Defendant's telephone number is not equivalent to an encouragement to call to dispute the validity of a debt. Likewise, the invitation to send payment to the same address listed in the letter's header does not imply that the address may be used for no other purpose. The least sophisticated debtor is still presumed to have read the entire notice. *Caprio*, 709 F.3d at 149.

Even if the debtor were confused by the inclusion of the telephone number in conjunction with the reference to send payments to Defendant's above-posted address, it would become obvious upon reading the validation notice that disputes must be in writing. It would require a "bizarre and idiosyncratic" interpretation of the letter as a whole to conclude that the header's telephone number and instructions for mailing payment overrode the validation notice's explicit rules governing a dispute. *Wilson*, 225 F.3d at 354–55. Sufficient procedures for dispute of debt

are those explicitly established by the FDCPA and prescribed by the Defendant's letter; neither this Court nor the least sophisticated debtor is at liberty to read other required procedures into the letter. Therefore, the letter's inclusion of Defendant's telephone number and instructions for sending payment to Defendant's mailing address do not impermissibly contradict or overshadow the writing requirement.

The Court considers Plaintiffs' remaining arguments wholly unpersuasive. For example, Plaintiffs' reliance on—and request that this Court follow—the reasoning in *Cadillo v. Stoneleigh Recovery Associates* is not to the contrary. In *Cadillo*, one Court in this District held that the use of the word "if" rather than "unless" in a validation notice ("If you notify this office in writing within 30 days . . . that you dispute the validity of this debt . . . .") could confuse the least sophisticated consumer. No. 17-7472, 2017 WL 6550486, at *3 (D.N.J. Dec. 21, 2017). Such reasoning is not binding on this Court. But even if it was, the collection letter Plaintiffs received from Defendant did not preface the writing requirement with the word "if," and therefore this argument does not support Plaintiffs' position.

Finally, this Court rejects Plaintiffs' plea for it to rewrite the law. Specifically, Plaintiffs argue that the Third Circuit's holding in *Graziano* that disputes of debt must be in writing is inherently inconsistent with the statute, contending that section 1692g(a)(3) "specifically allows a consumer to dispute the validity of an alleged debt orally." Pl. Opp. Memo [Doc. No. 6] ("Pl. Memo") at 2. Even if this Court agreed—which it does not—this kind of jurisprudential redrawing undercuts relationship between a District and Appellate Court. The Third Circuit carefully considered this issue, and expressly rejected Plaintiffs' statutory reading of section 1692g(a)(3), holding that failure to read a writing requirement into section 1692g(a)(3) would be "incoherent" given that 1692g(a)(4)-(5) codify the debt collector's required response to a written

dispute. *Graziano*, 950 F.2d at 112. This Court, as a District Court reliant on Third Circuit precedent, cannot, as Plaintiffs suggest, disregard the Circuit's interpretation.

For the reasons stated above, this Court finds that Defendant's collection letter sufficiently met the Third Circuit's requirement that Defendant inform Plaintiffs of the writing requirement for disputes, and that the language contained in the remainder of the letter neither overshadowed nor contradicted the writing requirement. Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted under section 1692g(a)(3).

**B. Section 1692e**

Because Plaintiffs cannot prevail on their claim under section 1692g(a)(3), they likewise cannot succeed under section 1692e(10). Plaintiffs contend that because of the uncertainty outlined in the allegations under section 1692g(a)(3), the least sophisticated consumer would be uncertain of her right to dispute the debt. Compl. at ¶¶ 51–54. Plaintiffs assert that because Defendant's letter creates this uncertainty, it is deceptive and thus violates section 1692e(10). *Id*. at ¶¶ 55-60.

Even if this Court were to find that the section 1692g(a)(3) was not dispositive for the section 1692e(10) analysis, the letters here are neither false nor deceptive because the disputed language cannot be "reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau*, 539 F.3d at 222. As previously discussed, the collection letter's inclusion of Defendant's telephone number and instructions for sending payment to Defendant's mailing address did not impermissibly contradict or overshadow the writing requirement. Defendant's validation notice concisely laid out the requirements for making a dispute, and neither the inclusion of the telephone number nor the instructions for sending payment to

Defendant's mailing address could be understood as creating a second, alternative meaning upon which a debtor could rely.

In making their section 1692e(10) claim, Plaintiffs rely on the same arguments regarding the telephone number and the payment address as they relied on in their section 1692g(a)(3) claim. Thus, this Court "must reach the same conclusion with respect to the claim brought under § 1692e(10)." *Caprio*, 709 F.3d at 155. Plaintiffs have failed to argue any additional grounds with respect to their section 1692e(10) claim, and the disputed portions of Defendant's letter are neither false nor deceptive. As such, this Court finds that Plaintiffs have failed to state a claim upon which relief can be granted.

## C. Class Action under Rule 23

Plaintiffs purport to represent all those similarly situated in the state of New York who received substantially similar letters from Defendant during the period September 10, 2017 through September 10, 2018. Because Plaintiffs have failed to state a claim upon which relief can be granted, this Court need not address the merits of Plaintiffs' Rule 23 arguments.

## IV. CONCLUSION

For the reasons stated above, this Court **GRANTS** Defendant's motion to dismiss Plaintiffs' putative class action complaint for failure to state a claim.

Dated: 05/30/19                                         s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge